## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Michael Allen Berry,<br>　　　Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:19cv1535 (CMH/MSN) |
| | ) | |
| Commonwealth of Virginia,<br>　　　Respondent. | ) | |
| | ) | |

### MEMORANDUM OPINION & ORDER

Before the Court is respondent's Motion to Dismiss Virginia state prisoner Michael Allen Berry's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. [Dkt. Nos. 17-19]. The petition's claims center on a Virginia state statute through which convicted felons may request scientific analysis of biological evidence related to their criminal cases. [Dkt. Nos. 1-2] (citing Va. Code § 19.2-327.1). Petitioner suggests that the statute is unconstitutional and that his continued confinement violates federal law. For the reasons stated below, petitioner is incorrect. Accordingly, respondent's motion will be granted, and the petition will be dismissed.

### I. Background

On September 30, 1998, petitioner Michael Allen Berry was convicted of one count of oral sodomy, one count of sodomy, and two counts of rape. See Case Nos. CR98012575 – CR98012579. He was sentenced to ten years' incarceration as to each conviction, resulting in a total sentence of forty years. Id.

Berry appealed his convictions to the Court of Appeals of Virginia, raising two issues, only one of which was given consideration—whether the trial court erred in overruling the

petitioner's motion for mistrial.[1]  See Record No. 0474-99-2.  The state's intermediate court ultimately affirmed petitioner's convictions and denied petitioner's later petition for rehearing. Id.  Petitioner then filed a petition for appeal in the Supreme Court of Virginia, which denied the request on November 29, 2000.  Record No. 002051.

On November 30, 2001, petitioner filed a petition for writ of habeas corpus in the state supreme court.  See Record No. 012656.  That petition was denied on May 8, 2002, and petitioner's petition for rehearing was denied one month later, on June 7, 2002.  Id.  Berry subsequently filed a petition for writ of habeas corpus in the United States District Court for the Western District of Virginia.  See Berry v. Angelone. Case No. 7:02-cv-880 (W.D. Va.).  The petition was dismissed on May 5, 2003, after which petitioner appealed to the United States Court of Appeals for the Fourth Circuit.  Appeal No. 03-6910.  The appeal and petition for rehearing were dismissed, respectively, on August 22, 2003, and October 7, 2003.  Id.

On January 10, 2018, Berry filed in the Circuit Court for Albemarle County a "Motion for New Investigation."  See Case Nos. CR98012575 –CR98012579.  Invoking Virginia Code § 19.2-327.1, petitioner requested retesting of any human biological evidence from his criminal case.  Id.  Petitioner filed a second request seeking the same relief on September 5, 2018.  Id. The Commonwealth's Attorney responded to petitioner's second motion, arguing that such relief was unavailable because no scientific evidence had been collected during the investigation related to petitioner's criminal case.  Id.  At the October 29, 2018 motion hearing, petitioner conceded that "there was no scientific evidence in the case."  Id.  The state trial court thus found that Berry failed to state any claim upon which relief could be granted and denied the motion.

---

[1] The motion was predicated on a claim that a police witness testified that the defendant had requested an attorney during an interview regarding the criminal charges.  See Record No. 0474-99-2.

2

Id. Petitioner noted an appeal to the state supreme court, but that appeal was refused on August 28, 2019. See Record No. 190223.

Petitioner initiated the instant action on or about November 20, 2019, raising the following issues, verbatim:

1. Whether the state court erred in petitioner's request for discovery and access to evidence – Petitioner was charged for two counts of rapes and two counts of sodomy. He pleaded not guilty in court, the new testing of scientific evidence didn't come out until 2002. Petitioner filed his Motion for New Investigation of Scientific Evidence for Post Conviction DNA Relief Act.

2. Whether the state courts erred in refusing to provide petitioner with appointment of counsel.

3. Whether the state courts erred in denying petitioner's Motion For New Investigation For Scientific Evidence as a Petition For Writ of Habeas Corpus instead of what was filed.

[Dkt. No. 1].

## II. Standard of Review

To obtain federal habeas relief, a state prisoner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a federal court's authority to grant such relief. Pursuant to AEDPA, when a state court has addressed the merits of a claim later raised in a federal habeas petition, the reviewing federal court may not grant relief as to that particular claim unless the state court's adjudication was (1) contrary to or an unreasonable application of clearly established federal law or (2) was based on an unreasonable determination of the facts presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). The question, then, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially

3

higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### III. Analysis

Although petitioner's arguments are not always easy to understand, it is clear that his claims each surround § 19.2-327.1 of the Virginia Code. As stated above, petitioner appears to suggest that (1) he was improperly denied retesting of biological evidence relevant to his state criminal convictions; (2) that he was improperly denied counsel in seeking that retesting; and (3) that the state courts improperly construed his request for biological testing as a petition for writ of habeas corpus and denied him relief. See Dkt. Nos. 1, 2. By way of context, § 19.2-327.1, which petitioner also challenges as unconstitutional, holds, in relevant part, as follows:

> Notwithstanding any other provision of law or rule of court, any person convicted of a felony or any person who was adjudicated delinquent by a circuit court of an offense that would be a felony if committed by an adult may, by motion to the circuit court that entered the original conviction or the adjudication of delinquency, apply for a new scientific investigation of any human biological evidence related to the case that resulted in the felony conviction or adjudication of delinquency if (i) the evidence was not known or available at the time the conviction or adjudication of delinquency became final in the circuit court or the evidence was not previously subjected to testing; (ii) the evidence is subject to a chain of custody sufficient to establish that the evidence has not been altered, tampered with, or substituted in any way; (iii) the testing is materially relevant, noncumulative, and necessary and may prove the actual innocence of the convicted person or the person adjudicated delinquent; (iv) the testing requested involves a scientific method generally accepted within the relevant scientific community; and (v) the person convicted or adjudicated delinquent has not unreasonably delayed the filing of the petition after the evidence or the test for the evidence became available.

Va. Code § 19.2-327.1(A). For the reasons explained below, petitioner is not entitled to relief with respect to any of those claims.

4

*A.* ***The Petition is Successive***

It is clear that, whatever merits petitioner's claims hypothetically were to hold, they would be barred because the instant petition is successive for the purposes of AEDPA, which provides in relevant part that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). But "[b]efore a second or successive application permitted by this section is filed in the district court," no matter how compelling its claims, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of prefiling authorization, the district court is without jurisdiction to entertain the successive petition. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

Here, it is undisputed that petitioner previously filed a petition under § 2254. See Berry v. Angelone. Case No. 7:02-cv-880 (W.D. Va.). Because petitioner has not provided (and this Court cannot locate) a prefiling authorization from the United States Court of Appeals for the Fourth Circuit, this Court lacks jurisdiction to consider the instant petition. See Jones v.

Braxton, 392 F.3d 683, 686 (4th Cir. 2004) (no successive habeas petition may be filed without prior authorization from a Circuit Court of Appeals).

**B.     _Petitioner Lacks Standing for his Constitutional Attack_**

Even if the petition were not successive, it would not entitle petitioner to relief. Indeed, it is clear that petitioner lacks standing to raise his constitutional challenge to § 19.2-327.1. Article III of the Constitution of the United States limits the jurisdiction of the federal courts to ongoing "cases" and "controversies." See U.S. Const. art. III, § 2. To demonstrate standing, a plaintiff or petitioner must show (1) that he has suffered an injury-in-fact which is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) that there exists a causal connection between the injury complained of and the action of the defendant or respondent; and (3) that it is likely that the injury will be "redressed by a favorable decision." See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, petitioner challenges the constitutionality of § 19.2-327.1 on the basis that the statute holds that it "shall not form the basis for relief in any habeas corpus proceeding or any other appeal." [See Dkt. No. 2] at 10; Va. Code § 19.2-327.1(H). But it is not clear how the statute in question has led to petitioner suffering any cognizable harm, especially with respect to the state's limited jurisdictional grant.

Even examining petitioner's claims through the lens of the statute's DNA testing provisions, no injury is apparent to the Court. Although petitioner loosely argues that he has been denied an opportunity to have biological evidence tested, the record makes abundantly clear that no such biological evidence existed with respect to petitioner's criminal charges. Not only does the state court's denial of petitioner's claim state as much, petitioner concedes the point. [See Dkt. No. 2] at 7 ("Petitioner's accuser alleged that petitioner's [sic] raped her, it would have

6

been easier for those within authority to have performed DNA testing in order to prove petitioner's innocence or guilt."). Because it is clear that no biological evidence was ever collected or used to support of petitioner's convictions, it is unclear the manner in which petitioner suggests he suffered any harm arising out of the statute at issue.[2]

The Court additionally questions the manner in which a finding that § 19.2-327.1 is unconstitutional would redress petitioner's supposed injuries. Indeed, because such a finding would not undermine the validity of petitioner's convictions, petitioner has failed to demonstrate that that this Court can offer petitioner the relief he seeks.

## C.   *Petitioner's Claims are Meritless*

Finally, even if this petition were not successive and petitioner possessed standing to challenge § 19.2-327.1, the petition would necessarily be dismissed because its claims are without merit.

### 1.   *Claim One*

Petitioner presents his first claim simultaneously under § 19.2-327.1 and Brady v. Maryland, 373 U.S. 83 (1963). He offers exceedingly scant details in support of the claim, and some inferences are necessary to understand the thrust of the argument. Petitioner states that "[d]uring the time period the crimes occurred in petitioner's case on August 25, 1994, petitioner was not aware of Mr. Michael Smith's prior convictions and the assaults he committed for which petitioner has been accused." [Dkt. No. 2] at 2. Based on this statement, it seems that petitioner argues that the state withheld information that an individual other than petitioner could have committed the crimes for which petitioner was convicted and sentenced. In the context of §

---

[2] This case thus differs in significant respect from LaMar v. Ebert, 681 F. App'x 279 (4th Cir. Mar. 17, 2017), in which the Fourth Circuit found in the context of a § 1983 claim that plaintiff, whose criminal convictions rested in part on biological evidence, alleged injury in fact due to state's refusal to test evidence.

19.2-327.1, it seems that petitioner suggests the state could have but did not test some biological material belonging to the other individual, preventing petitioner from demonstrating his innocence through DNA analysis.

The scant details offered by petitioner simply do not suffice to support a Brady claim. To prevail as to such a claim, a petitioner must establish (1) that evidence in question is favorable to petitioner in that it is either exculpatory or impeaching; (2) that the evidence was suppressed by the state, either willfully or inadvertently; and (3) that prejudice ensued. See Banks v. Dretke, 540 U.S. 668, 691 (2004). Here, petitioner has satisfied neither of the second or third of these criteria. Indeed, petitioner merely states without explaining that another individual had prior convictions for offenses somehow relevant to the facts of petitioner's case; he does not state the manner in which this evidence was withheld from him by the state. Second, and more importantly, petitioner has failed to establish that any prejudice ensued as a result of the state's hypothetical suppression. As stated above, petitioner's convictions did not rest on the presentation of DNA evidence. In fact, the record states that no such evidence was ever collected. Accordingly, even if petitioner had been presented the identity of "Mr. Michael Smith," and even if he had convinced the state to procure and test a sample of this individual's DNA, there would be no evidence against which to compare that DNA. Accordingly, it is not at all clear how the state's alleged failure to provide petitioner the name of Mr. Smith and to later test his DNA led to any prejudice. This claim thus must be denied.

2.   *Claim Two*

Claim Two is also easily denied. In it, petitioner appears to suggest that the state court erred in not providing him with counsel for his post-conviction DNA motion hearing. [See Dkt. No. 2] at 5. Put simply, petitioner is not entitled to relief because there is no federal right to

counsel in state post-conviction proceedings. See, e.g., Murray v. Giarratano, 492 U.S. 1, 7 (1989). Petitioner's invocation of case law interpreting and applying the Sixth Amendment is thus irrelevant and does not require further discussion. Petitioner also invokes § 19.2-327.1(H), arguing that this state law guaranteed him counsel at his hearing. [Dkt. No. 2] at 5-6. This statute, however, states that appointment of counsel in petitioner's circumstances is subject to the provisions of § 19.2-157, see Va. Code § 19.2-327.1(H), and the "sort of appointment of counsel which has its provenance in state statutes fails to create a constitutional right to counsel or the concomitant constitutional right to the effective assistance of counsel," see Williams v. Clarke, No. 3:11cv417, 2013 WL 458545, at *4 (E.D. Va. Feb. 6, 2013). Even assuming petitioner did possess some constitutional right to counsel at his post-conviction proceeding, he is entitled to no relief because the state court's error in not appointing that counsel was harmless beyond a reasonable doubt. See United States v. Owen, 407 F.3d 222 (4th Cir. 2005) (recognizing application of harmless error standard to questions of constitutional right to counsel). Indeed, no attorney could have convinced the state court of the existence of DNA evidence that did not exist. On this basis, Claim Two must be denied.

3.    *Claim Three*

Like the two claims preceding it, Claim Three requires little discussion. In this claim, petitioner argues that the state court improperly construed his motion for testing of biological evidence as a petition for writ of habeas corpus. See Dkt. No. 2, p. 8. Even if there were a conceivable federal claim based on these allegations, the record makes clear that those allegations are untrue. Indeed, respondent has submitted orders from the state trial and supreme courts, each of which state that the matter at issue arose pursuant to petitioner's motion for scientific testing of biological evidence; neither mentions a petition for writ of habeas corpus.

See Respondent's Exhibits 3, 4 [Dkt. No. 19-3, 19-4].  Accordingly, petitioner has failed to demonstrate that he is entitled to relief with respect to this claim.

## IV.  Conclusion and Order

For the reasons explored above, it is hereby ORDERED that respondent's Motion to Dismiss [Dkt. No. 18] be and is GRANTED such that the petition is DISMISSED as successive, for lack of standing, and as without merit.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order.  See Fed. R. App. P. 4(a).  A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal.  Failure to file a timely notice of appeal waives the right to appeal this decision.  Petitioner also must obtain a certificate of appealability ("COA") from a circuit justice or judge.  See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  The Court expressly declines to issue a COA for the reasons explained above.

The Clerk is directed to (1) send copies of this Memorandum Opinion & Order to petitioner and to counsel of record for respondent and to (2) close this civil action.

Entered this ___2nd___ day of ___Aug._____ 2021.

_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia